IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiffs, vs. SERGIO VALENCIA SR., Defendants. | 4:15CR3010 **ORDER** |

Defendant's retained counsel, Carlos Monzón, has moved to withdraw. ([Filing No. 73](#)). The court's record shows no entry of newly retained counsel for the defendant. Instead, the defendant now seeks appointed counsel.

This case has been pending for over a year, with Mr. Monzón entering his appearance as retained counsel for defendant Valencia on March 17, 2015, ([Filing No. 25](#)), and attending the initial appearance in this forum on March 20, 2015. The defendant resides in California, where he was arrested—all of which Mr. Monzón knew when he agreed to represent Valencia.

Trial was initially set to begin on May 11, 2015. ([Filing No. 33](#)). At Valencia's request, the trial date was continued to July 13, 2015. ([Filing No. 48](#)). At co-defendant Pescado's request, the trial date was continued to August 24, 2015. ([Filing No. 50](#)). On August 12, 2015, at Valencia's request, the case was removed from the trial calendar and a change of plea hearing was set for October 7, 2015. ([Filing No. 51](#)). The plea hearing was thereafter continued to November 17, 2015, then December 15, 2015, and then January 20, 2016, all at defendant Valencia's request. ([Filing No. 55](#), [60](#), [63](#)).

Defendant Valencia did not appear for his change of plea hearing on January 20, 2016. The case was re-set for trial, with the trial to commence on March 14, 2016.

Mr. Monzón filed a motion to withdraw on February 11, 2016, explaining:

1. Mr. Valencia, Sr. has failed to satisfy his financial responsibility with this office. Mr. Valencia, Sr. lacks the funds to continue to pay for his defense.

2. Counsel cannot effectively represent the client due to the complexity of this case without the ability to travel outside of the state to interview the large number of witnesses in this case or continue to investigate the case in order to adequately prepare pre-trial motions and prepare for trial.

3. Without additional funds Defense Counsel cannot be effective in representing Mr. Valencia, Sr.

4. Counsel for the Defense requests the Court allow him to withdraw from representation of Mr. Valencia, Sr.

(Filing No. 73). The government did not respond to the motion and its deadline for responding has passed. The motion is fully submitted.

## ANALYSIS

Courts are justifiably reluctant to allow retained counsel to withdraw after entering a general notice of appearance.

> In order to protect the public and the defendant's right to a speedy trial and to avoid unnecessarily prolonging a determination as to an accused's innocence or guilt, criminal cases move at an accelerated pace. The delays necessary to allow substituted counsel an adequate opportunity to familiarize themselves with their client, investigate the facts of the case, explore possible defenses to the charges and generally "get up to speed" on the proceedings can frustrate efforts to achieve the prompt and efficient administration of justice in criminal cases.

*United States v. Herbawi*, 913 F. Supp. 170, 171 (W.D.N.Y. 1996).

Nonpayment of legal fees, without more, is generally not a sufficient basis for allowing an attorney to withdraw from representing a client, including a criminal defendant. *U.S. v. Vilar*, 731 F.3d 255 (2d Cir. 2013).

> The Criminal Justice Act is not a form of federal fee insurance guaranteeing payment to counsel for the failure of his retained client to honor a fee agreement. . . . The civil courts are fully capable of providing the attorney with appropriate redress in such circumstances. . . . Where a substantial partial retainer is paid to private defense counsel and thereafter exhausted, a subsequent motion by private counsel to be relieved for failure of the defendant to pay the remainder of the agreed upon fee creates an additional and unfair burden on the limited resources available to the poor pursuant to the CJA. A motion made to withdraw after the

> depletion of the defendant's partial, but not insubstantial retainer, eliminates the availability of assets that otherwise would have been available to help defray the expense of court-appointed counsel.

*Herbawi*, 913 F. Supp. at 171 (quoting *United States v. Rodriguez–Baquero*, 660 F.Supp. 259, 261 (D. Me. 1987); *United States v. Thompson*, 361 F.Supp. 879, 887 (D.D.C.1973) vacated in part, aff'd in part without opinion, 489 F.2d 1273 (D.C.Cir.1974)).

The charges pending against defendant Valencia have not changed since the outset of this case. Mr. Monzón knew when he entered his appearance that this defendant lives in California. The pretrial motion deadline expired on April 20, 2015, rendering any claimed need to now "interview the large number of witnesses in this case or continue to investigate the case in order to adequately prepare pre-trial motions" a moot point. The case has been set for a plea hearing on four separate occasions, and presumably after defendant and his current counsel fully reviewed the government's Rule 16 disclosures, investigated the facts, spoke to witnesses, and considered any available defenses. Any change of counsel at this point would require a court-appointed attorney to repeat that work, including the interviews of "the large number of witnesses" in preparation for trial.

At the stage of this litigation, any order allowing Mr. Monzón to withdraw as counsel will disrupt the court's processes, further delay the trial of a case that has been pending for over a year, and frustrate the prompt and efficient administration of justice in criminal cases. *Herbawi*, 913 F. Supp. at 171.

Accordingly,

IT IS ORDERED that Defense counsel's motion to withdraw, (Filing No. 73), is denied.

March 5, 2016.                     BY THE COURT:
                                   *s/ Cheryl R. Zwart*
                                   United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.