IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:15-CR-3010 |
| vs. | MEMORANDUM AND ORDER |
| SERGIO VALENCIA, SR., | |
| Defendant. | |

This matter is before the Court upon initial review of the motion to vacate under 28 U.S.C. § 2255 filed by the defendant, Sergio Valencia, Sr. Filing 237. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f).

The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled

to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant was indicted on one count of conspiracy to structure transactions in violation of 31 U.S.C. § 5313, one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956, and one count of conspiring to distribute or possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 18 U.S.C. § 841. Filing 1. The defendant was offered at least one plea agreement, but refused it. *See* filing 208 at 22. The matter proceeded to trial, where the defendant was convicted of conspiring to commit money laundering and conspiring to distribute or possess with intent to distribute less than 50 grams of a mixture or substance containing methamphetamine. Filing 136.

The defendant was sentenced to concurrent terms of 160 months' imprisonment. Filing 191 at 2. He appealed through trial counsel. Filing 199; *see* filing 205. But the U.S. Court of Appeals for the Eighth Circuit affirmed the judgment. *United States v. Valencia*, 733 F. App'x 852, 854 (8th Cir. 2018). This timely § 2255 motion followed. Filing 237.

DISCUSSION

The defendant's motion presents two claims—one broad, one narrow—of ineffective assistance of counsel.[1] To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689.

1. "Counsel Was Ineffective for Continuous Attempts to Coerce a Guilty Plea Instead of Preparing an Adequate Defense and Strategy for Trial"

The defendant's first claim of ineffective assistance of counsel is that trial counsel allegedly pressured him to plead guilty, instead of formulating a strategy to prevail at trial. *See* filing 237-1 at 6-13. But what the defendant's allegations demonstrate is not ineffective assistance of counsel—rather, they describe counsel giving the defendant good advice that he chose to disregard.[2]

To begin with, the defendant starts his argument by asserting that "[s]o intent was counsel on persuading Valencia to take a plea that he

---

[1] The defendant has also submitted affidavits from his wife and sons, generally blaming Alejandro Memije-Fuentes for the illegal conspiracy. Filing 237-3; filing 237-4; filing 237-5. But one of the boys testified at trial, filing 212 at 2-70, and the defendant does not argue that trial counsel was ineffective for failing to call the others. Nor does he articulate a claim of actual innocence. *See Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012).

[2] That was also the Court's assessment at the time of sentencing. *See* filing 214 at 108-09.

communicated not one, two, or three offers, but as many as five. . . ." [Filing 237-1 at 6](). But "defense counsel has the *duty* to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, [566 U.S. 134, 145 (2012)]() (emphasis supplied). The defendant follows that up by contending that "[t]o coerce his client, after viewing available discovery, [trial counsel] told [the defendant] he 'was fu\*\*ed' and would be looking at a minimum thirty (30) years to Life if he did not take a plea." [Filing 237-1 at 7](). But having presided over trial—and so, having seen the government's evidence in full—the Court finds it hard to disagree with that assessment. As the Eighth Circuit aptly summarized the case against the defendant:

> The charges against Valencia arose after police executed a search warrant at Valencia's house in California. Police discovered methamphetamine, drug records, and approximately $4,000 in cash. Valencia was present and admitted that he knowingly possessed the methamphetamine. At trial, a witness for the prosecution testified that he transported methamphetamine from California to Nebraska for Valencia at least six times, and that he deposited drug proceeds collected in Nebraska into banks accounts controlled by Valencia and his family. Another witness also participated in the cross-country deliveries and collections, and provided a substantially similar account. The government presented bank records from Valencia's landscaping business and his immediate family that showed cash deposits from Nebraska into the accounts during the time of the trips taken by the witnesses.

*Valencia*, 733 F. App'x at 853. Only the jury's somewhat unpredictable failure to find that the conspiracy contemplated 500 grams or more of methamphetamine mixture kept trial counsel's assessment of the evidence from hitting closer to the mark.

Essentially, the defendant's argument seems to be that it was somehow *per se* deficient performance for trial counsel to advise the defendant to accept a plea agreement. *See* filing 237-1 at 7-9. Of course, that's not true: it is, in fact, counsel's duty to advise his client about the risks of declining a plea deal and proceeding to trial. *United States v. Penoncello*, 358 F. Supp. 3d 815, 822 (D. Minn. 2019) (citing *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005)); *see Padilla v. Kentucky*, 559 U.S. 356, 370 (2010). But even if it had been deficient performance, the defendant wasn't prejudiced, because he didn't follow that advice, and he didn't accept a plea agreement.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, 683 F.3d 941, 944 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id*. Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008). Nothing about trial counsel advising the defendant to accept a plea agreement undermines the Court's confidence in the outcome of this case.

Instead, the defendant's contention is that trial counsel displayed "complete disregard for his client" because counsel did not provide "requisite

legal advice or discussion of a defense strategy." Filing 237-1 at 10. He complains that trial counsel did not follow his wishes and effectively consult with him, filing 237-1 at 11-12, apparently by failing to "plan a defense," filing 237-1 at 9. But that's nothing more than a "Green Lantern" argument: that somehow, the result of the proceeding would have been different if trial counsel just had more courage or willpower. It is, however, well-established that reasonable trial strategy doesn't constitute ineffective assistance of counsel simply because it's not successful. *James v. Iowa*, 100 F.3d 586, 590 (8th Cir. 1996). And the defendant hasn't said what his alternative trial strategy would have been—that is, the defendant has offered nothing to explain what counsel should actually have done differently that would have changed the outcome.

To prevail on a claim for ineffective assistance of counsel, the defendant has the burden of proving that his lawyer's actions were not valid trial strategy. *Thai v. Mapes*, 412 F.3d 970 (8th Cir. 2005). And the Court must avoid second guessing trial strategy. *Calkins v. United States*, 795 F.3d 896, 897 (8th Cir. 2015). There is a strong presumption that counsel has rendered adequate assistance and made all significant decisions for tactical reasons rather than through neglect. *Barnes v. Hammer*, 765 F.3d 810, 814 (8th Cir. 2014). And if the defendant is to overcome that presumption, he must do *something* to show that a different defense strategy would likely have succeeded at trial. *See Gumangan v. United States*, 254 F.3d 701, 705 (8th Cir. 2001); *see also Mann v. Thalacker*, 246 F.3d 1092, 1099 (8th Cir. 2001). The defendant has not done that here, because he has neither identified any particular aspect of trial counsel's performance at trial that was deficient or prejudicial, nor articulated any alternative trial strategy at all—much less anything that might have changed the outcome.

2. "Counsel was Ineffective in Waiving Probation Interview Which Resulted in an Incorrect and Unverified Nationality; Then Failed to Correct or Notify the Court as Promised"

The defendant's other argument is more specific: he asserts that perhaps the "most egregious and damaging" failure of trial counsel was the failure to correct an error in the presentence report that listed his place of birth as Mexico, instead of California (where the defendant implies he was born). Filing 237-1 at 13; *see* filing 189 at 3, 18.[3] This, he contends, was an "obviously highly prejudicial error." Filing 237-1 at 15.

But it's not prejudicial at all, must less "obviously" or "highly" prejudicial. The defendant offers no explanation of how he was prejudiced by the alleged error, nor can the Court conceive of one—and, in fact, the sentence meted out had *nothing* to do with the defendant's place of birth. This claim of ineffective assistance of counsel is also without merit.

CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the

---

[3] The sentencing recommendation notes, however, that information received by the probation officer indicated the defendant "was born in Mexico, but is a U.S. citizen. It is unclear where the statement that he is a U.S. citizen came from." Filing 190 at 2.

constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's motion to vacate under 28 U.S.C. § 2255 (filing 237) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

Dated this 16th day of May, 2019.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Chief United States District Judge