IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:15-CR-3010 |
| vs. | ORDER |
| SERGIO VALENCIA, SR., | |
| Defendant. | |

This matter is before the Court on the defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Filing 252. The defendant's motion will be denied.

The defendant requests a sentence reduction based on desire to be with his family. Filing 252. Pursuant to § 3582(c)(1)(A), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. And pursuant to U.S.S.G. § 1B1.13(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.[1]

---

[1] Section 1B1.13 has not been amended in response to the statutory changes wrought by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194 (2018), and so no longer remains "applicable" guidance for the current version of § 3582(c)(1)(A)(i), but the Court may consider the criteria set forth in § 1B1.13 to the extent they remain helpful and relevant. *United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

The defendant's primary argument for release is that his elderly mother is disabled and requires medical treatment and home care. Filing 252 at 7. And, the defendant says, the COVID-19 pandemic has made it harder for her. Filing 252 at 8. So, he says, she needs him to care for her. Filing 252 at 8.

The Court notes that the defendant *didn't* allege that he was an only child, or that he is the only available caregiver for his mother. But even if the Court gives him the benefit of that inference, the "vast majority" of courts have concluded that providing care to elderly parents, even ailing parents, is not an extraordinary and compelling reason for release. *See United States v. Hassen*, 2:07-CR-20099, 2020 WL 6680387, at *3 (D. Kan. Nov. 12, 2020) (collecting cases). After all, "[m]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." *United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio Jul. 16, 2019); *accord United States v. Hunter*, No. 3:06-CR-61, 2020 WL 127711, at *3 (S.D. Ohio Jan. 10, 2020).[2]

The Court agrees. As the Court recently observed in a similar context, the collateral consequences of a criminal sentence are suffered by a defendant's family, "but those are, first and foremost, caused by the defendant's decision to

---

[2] The defendant also alleges that he's ineligible for certain prison programs because he's deportable, and contends that the Court should also consider that to be an extraordinary and compelling circumstance. Filing 252 at 3. But the defendant's alien status, even if it has collateral consequences, is neither extraordinary nor compelling. *See United States v. Scotton*, No. 12-CR-60049, 2019 WL 4023029, at *2 (S.D. Fla. July 24, 2019), *report and recommendation adopted,* No. 12-CR-60049, 2019 WL 4016156 (S.D. Fla. Aug. 26, 2019); *Pineda v. United States*, No. 03-CR-62, 2009 WL 86663, at *1 (D.R.I. Jan. 12, 2009). In fact, as the *Pineda* court pointed out, a defendant's inability to participate in prison programming as a result of alien status usually doesn't even warrant a downward departure at the time of sentencing, much less a post-judgment reduction in sentence. *Pineda,* 2009 WL 86663, at *1; *see United States v. Lopez-Salas*, 266 F.3d 842, 846-51 (8th Cir. 2001).

break the law, and those circumstances can't prevent the Court from imposing an appropriate sentence." *United States v. Jacobo*, No. 4:16-CR-3118, slip op. at 1 (D. Neb. Feb. 26, 2021), *aff'd*, No. 21-1600 (8th Cir. Mar. 18, 2021). Nor can they excuse the defendant from serving the balance of that sentence. It is regrettable that the defendant cannot care for his family, but that's true of many prisoners, and even if it is compelling—or at least, sad—it's not extraordinary. Accordingly,

> IT IS ORDERED that the defendant's motion for compassionate release (filing 252) is denied.

Dated this 16th day of July, 2021.

BY THE COURT:

*[signature: John M. Gerrard]*

John M. Gerrard
United States District Judge